UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOSE STRAYHORN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 1:12 CV 44 RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Jose Strayhorn's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a person in federal custody. In his motion Strayhorn alleges that his Sixth Amendment right to the effective assistance of counsel was violated. Because Strayhorn's motion is meritless, it will be denied for the reasons that follow.

**I.  Background**

The following facts are established by Strayhorn's plea agreement entered in the underlying criminal case:

[O]n September 28, 2009, law enforcement officers executed a search warrant issued by the Circuit Court of Mississippi County, Missouri, at the residence of Mr. Strayhorn located at 45 South Ethel Harris Street, Pinhook, in Mississippi County, Eastern District of Missouri. Mr. Strayhorn was present in the residence when the search warrant was executed. During the search, the officers located a Revelation brand, model 120, .22 caliber rifle, in a cabinet above the washer and dryer in the hallway of Strayhorn's residence. The officers also discovered 4.76 grams of cocaine base in the residence and two twenty dollar bills which were identified as being recovered buy money used by a confidential informant earlier that day to purchase cocaine base from Mr. Strayhorn.

After serving Mr. Strayhorn with the search warrant, a law enforcement officer advised Mr. Strayhorn of his rights pursuant to the *Miranda* decision. Mr. Strayhorn indicated that he

- 1 -

understood his rights and requested to talk to the officer at that time. Mr. Strayhorn admitted to the officers that he was selling cocaine base, and when he was asked about the .22 caliber rifle found in his residence, Mr. Strayhorn said he put the rifle in the cabinet earlier the same day. Mr. Strayhorn said he had been using the rifle to shoot dogs that were getting into his trash. As to Count I of the indictment, the Revelation brand, model 120, .22 caliber rifle described in Count I was manufactured by Marlin Firearms Company in the state of Connecticut, was knowingly possessed by Mr. Strayhorn in September 28, 2009, and traveled in and affected interstate commerce before arriving in Missouri.

At the time Mr. Strayhorn knowingly possessed the Revelation rifle described above and in the indictment, Count I of the indictment, in Mississippi County, on September 28, 2009, he was a previously convicted felon having been convicted of the following crimes, each punishable by a term of imprisonment exceeding one year: First, on January 14, 1992, in the Circuit Court of Mississippi County, Missouri, in Case No. CR291-868FX of the felonies of burglary in the second degree and stealing. Second, on October 13, 1994, in the Circuit Court of Mississippi County, Missouri, in Case No. CR194-9F, of the felony of receiving stolen property. Then thirdly, on October 13, 1994, in the Circuit Court of Mississippi County, Missouri, in Case No. CR294-8FX, of the felony of receiving stolen property. And then finally, fourth, on September 28, 1998, in the United States District Court, Eastern District of Missouri, Southeastern Division, in Case No. 1:98-CR-29-ERW, of the felonies of distribution of cocaine base, possession of cocaine base with the intent to distribute, and possession of marijuana with the intent to distribute.

As to Count II of the indictment, the substance seized by the law enforcement officers from Mr. Strayhorn's residence in Mississippi County, Missouri was later analyzed by a forensic chemist who determined that the substance was 4.6 grams of a mixture or substance containing cocaine base. Mr. Strayhorn knowingly and intentionally possessed the 4.6 grams of cocaine base found in his residence on September 28, 2009, with the intent to distribute the cocaine base to another person. Mr. Strayhorn is responsible for distributing several ounces of cocaine base in excess of 150 grams but less than 100 grams of cocaine base since 2004, which may be considered relevant conduct.

USA v. Strayhorn, 1:09 CR 183 RWS [Doc. # 43, Plea Tr., pp. 18-20].

On December 10, 2009, Strayhorn was indicted in Count I for being a Felon in Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e). Count II of the Indictment charged Strayhorn with Possession with Intent to Distribute a Mixture or Substance which Contained Cocaine Base in violation of Title 21, United States Code, Section 841(a)(1). Strayhorn pled guilty to both counts of the indictment on March 22, 2010. At his

change of plea hearing, Strayhorn was placed under oath and swore to testify truthfully, subject to the penalties of perjury. I held the following colloquy with Strayhorn about his attorney:

> JUDGE: Have you had enough time to discuss your case with your attorney?
>
> STRAYHORN: Yes, Your Honor.
>
> JUDGE: Are you satisfied with his representation of you in this case?
>
> STRAYHORN: Yes.
>
> JUDGE: Is there anything you think your attorney should have done but did not do in representing you?
>
> STRAYHORN: No.

[Id. at pp. 5-6].

Later in the hearing, Strayhorn affirmed the voluntariness of his plea and the completeness of the agreement as follows:

> JUDGE: Has anybody threatened you or forced you or in any way coerced you into pleading guilty?
>
> STRAYHORN: No, your honor.
>
> . . .
>
> JUDGE: Does this agreement contain all the promises made to you by the United States Attorney?
>
> STRAYHORN: Yes, Your Honor.
>
> JUDGE: Did they promise you anything they didn't put in writing?
>
> STRAYHORN: No, Your Honor.

>     JUDGE: Has anybody else offered you anything or given you anything to get you to plead guilty?
>
>     STRAYHORN: No, Your Honor.

[<u>Id.</u> at pp. 7-8, 18].

Strayhorn then told me he read and understood the plea agreement before he signed it and that everything contained in the document was true, as follows:

>     JUDGE: Did you read this document before you signed it?
>
>     STRAYHORN: Yes.
>
>     JUDGE: Did you go over it with your attorney?
>
>     STRAYHORN: Yes.
>
>     JUDGE: Did he answer all your questions?
>
>     STRAYHORN: Yes.
>
>     JUDGE: Do you understand -- you understand what's in this document?
>
>     STRAYHORN: Yes.
>
>     JUDGE: Is everything in here true?
>
>     STRAYHORN: Yes.
>
>     JUDGE: Is there anything in here you don't agree with, but just to get it done you went ahead and signed it anyway?
>
>     STRAYHORN: No, Your Honor.

[<u>Id.</u> at pp. 8].

Strayhorn affirmed his awareness of the mandatory minimum sentence that he would be subjected to if it was determined he qualified as an armed career criminal under 924(e) as follows:

> JUDGE: [I]f you're found to be subject to the enhanced sentencing provision of 924(e), then you would be subject to a mandatory minimum sentence of 15 years. Do you understand that?
>
> STRAYHORN: Yes, Your Honor.
>
> . . .
>
> JUDGE: Do you understand that by pleading guilty you are subjecting yourself to the maximum penalties we just discussed?
>
> STRAYHORN: Yes, your Honor.
>
> JUDGE: Now, at the time of sentencing, your attorney and the United States Attorney may make recommendations to me about what your sentence should be, but you understand I'm not required to follow their recommendation?
>
> STRAYHORN: Yes, Your Honor.

[Id. at pp. 22, 24].

Strayhorn reserved the right to appeal the determination of the application of any statutory enhancement under 924(e), any determination that Strayhorn is a career offender pursuant to United States Sentencing Guidelines ("Guidelines") §§ 4B1.1 and 4B1.2, and the reasonableness of the sentence imposed for Count II based upon the crack cocaine/powder cocaine disparity. Strayhorn also reserved the right to challenge his sentence based upon prospective change in the statutory penalties for crack cocaine and cocaine offenses.

A presentence report was prepared which determined Strayhorn's total offense level to be 31. His criminal history category was determined to be VI, and the United States Sentencing Guidelines range was calculated to be 188-235 months imprisonment, with a statutory mandatory minimum sentence of 180 months imprisonment. The presentence report noted that Strayhorn was subject to sentencing enhancements as a career offender under Guidelines Section 4B1.1 and under the armed career criminal provisions of Section 4B1.4 and 18 U.S.C. § 924(e) ("ACCA"), because he had prior felony convictions for Burglary Second Degree (a felony crime of violence), Distribution of Cocaine Base, and Possession of Cocaine Base and Marijuana (felony controlled substance offenses). Furthermore, the statutory maximum sentence for Count II was 30 years.

On behalf of Strayhorn, defense counsel submitted a twenty-one page sentencing memorandum in response to the presentence report in which he objected to both the guideline range and the mandatory minimum sentence. He argued, in part, that sentencing Strayhorn within the guideline range or to the mandatory minimum sentence would violate the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment.

Defense counsel specifically argued that the guideline range and mandatory minimum sentence would be unreasonable as applied to the facts of Strayhorn's case in light of the statutory purposes of sentencing set out in 18 U.S.C. §3553(a). He also argued the non-violent nature of the school burglary Strayhorn committed at age 15 for which he was charged as an adult (based on which he qualified for career offender status) distinguished Strayhorn's situation from those of criminals who commit more serious and recent crimes in order to qualify for the same status. Defense counsel further argued the impact the crack/powder cocaine differential

would have had on Strayhorn's sentence was grossly disproportional to the warranted sentencing disparity.

At the sentencing hearing on June 28, 2010, defense counsel reiterated his objections to the sentencing standards set out in the presentence report. I found Strayhorn to be a career offender under 4B1.1. I also found him to be an armed career criminal under 924(e). Both determinations were made based on his criminal history. I was required to impose the mandatory minimum sentence, and I sentenced Strayhorn to a term of 180 months on each of Counts I and II, the sentences for which to run concurrently. Strayhorn was also sentenced to a six year term of supervised release to follow his release from incarceration.

Strayhorn's counsel filed a timely appeal to the United States Court of Appeals for the Eighth Circuit. On appeal, Strayhorn argued that his sentence was a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Strayhorn also argued that his sentence was a violation of the Fifth and Fourteenth Amendments' guarantees of due process and equal protection. He based this argument on the allegedly racially motivated decision to try Strayhorn as an adult at the age of fifteen which resulted in his classification as an armed career criminal. The Eight Circuit ultimately affirmed Strayhorn's sentence based on its governing precedent with respect to the armed career criminal provision of 18 U.S.C. 924(e).

**II.     Grounds for Relief**

Strayhorn's §2255 motion alleges the following ineffective assistance of counsel claims:

1) Failure to continue plea hearing at which Strayhorn's plea was due to erroneous legal advice and was involuntary;

2) Failure to challenge the "15 year limit on prior felony conviction which was deficient and prejudicial and supported by any reasonable facts that Petitioner held any predicate offenses for the purpose of the career offender 4B1.1";

3) Failure to move for dismissal of 924(e) enhancement for unconstitutionality of the Guidelines application;

4) Failure to investigate drug charges to determine if they qualified as a common scheme;

5) Failure to provide reasonable standard of representation in terms of challenging whether prior convictions justified sentencing enhancements and whether burglary was within the required 15 year time period;

6) Failure to object to miscalculation of finding that prior burglary sentence exceeded one year and a day;

7) Failure to ensure predicate convictions were proven with approved documents; and

8) Failure to object to the use of the burglary as an Apprendi error.

In Strayhorn's Supplemental Motion to Vacate, Set Aside, or Correct Sentence, he made the following supplemental arguments:

9) Alleyne v. United States, 133 S.Ct. 2151, 2155 (2013) recently established that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury," which, without his prior crimes on their face qualifying Strayhorn for the ACCA, renders the sentence imposed on Strayhorn in excess of the maximum sentence allowed and thus illegal; and

10) Descamps v. United States, 133 S.Ct. 2276, 2285-2286 (2013) recently held that the California burglary statute that does not require unlawful breaking and entering as an

element, as generic burglary statutes do, does not qualify as a predicate offense for the ACCA. Because of this holding, Strayhorn alleges that his burglary also should not qualify as a predicate offense under the ACCA.

**III.    Analysis**

   *A.    Ineffective Assistance of Counsel Claims*

The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Strayhorn must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id.

Second, Strayhorn "must show that the deficient performance prejudiced the defense." Id. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of guilty pleas, a movant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997). The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."

Hill, 474 U.S. at 56. The court need not address both components if the movant makes an insufficient showing on one of the prongs. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

Strayhorn's ineffective assistance of counsel claims must be evaluated in light of the fact that he entered a guilty plea in the underlying criminal case. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (internal citations omitted). Furthermore, even a defendant's reliance on his counsel's opinion as to the potential length of defendant's sentence would not make a defendant's plea involuntary, where the record reveals that the defendant was fully informed and knowingly pleaded guilty. See Hollis v. United States, 687 F.2d 257, 260 (8th Cir. 1982); Roberson v. United States, 901 F.2d 1475, 1478 (8th Cir. 1990).

In the underlying criminal case, Strayhorn entered a guilty plea at his change of plea hearing, took full responsibility for his actions at his sentencing hearing, and admitted his violation of the law in the post-Miranda statement he acknowledged as fact. At the change of plea hearing in the underlying criminal case, Strayhorn also expressed complete satisfaction with his defense counsel's representation of him. Concerning Strayhorn's allegation that his plea was involuntary and coerced and that his attorney failed to continue the plea hearing, Strayhorn swore to his guilt under oath and affirmed that he was not coerced into pleading guilty or promised anything in exchange for his plea. As for the allegedly erroneous legal advice Strayhorn claims led to his guilty plea, Strayhorn was "invariably informed that the sentencing decision rest[ed]

solely in the discretion of the trial court." Hollis, 687 F.2d at 260 (citations omitted). Strayhorn also affirmed "at the sentencing hearing that he understood the negotiated plea and that there were no promises other than the plea agreement." Id. Furthermore, Strayhorn's allegations that he would have elected to go to trial if not for the allegedly erroneous legal advice of his counsel "cannot be accepted as true because they are contradicted by the record . . . [and] conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir.1995). Thus, based on well-established case law in this jurisdiction, Strayhorn's plea was not involuntary, and he failed to establish that he would have elected to go to trial absent his counsel's allegedly erroneous advice.

In Ground 1 of his motion, Strayhorn alleges that his attorney was ineffective due to his failure to continue the plea hearing. Strayhorn fails to claim any prejudice as a result of this alleged failure. He only asserts that "the proceedings would have produced a different result," and fails to mention how or why. This is an unsupported conclusion which fails to overcome the "strong presumption of reasonableness of counsel's performance." Brown v. United States, 178 Fed. Appx. 590 (8th Cir. 2006).

In Ground 2, Strayhorn claims that defense counsel failed to challenge the 15 year limit on prior felony convictions for such convictions to be applied in the determination of his status as a career offender and as an armed career criminal. Under 18 U.S.C.A. 4A1.2(e)(1), "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." As Strayhorn was

- 11 -

released from incarceration for his burglary conviction on July 20, 1994, and he admitted the veracity of the facts stated in the plea agreement which date relevant conduct in the instant offense as far back as 2004, his burglary offense fell well within the 15 year time period. As a result, he was subject to being found to be a career offender.

Moreover, there is no time limit under the ACCA for the inclusion of felonies. See 18 U.S.C.A. § 924(e); see also United States v. Rodriguez, 612 F.3d 1049, 1056 (8th Cir. 2010) ("[W]e have recognized that the statute does not contain a time limit for predicate offenses and have concluded Congress would have included a time limit had it wanted to do so.") (citation omitted). Based on this precedent, Strayhorn was properly found to be an armed career criminal. As a result, his attorney was not ineffective for failing to challenge this status based on a 15 year limitation, and Ground 2 will be denied.

In Ground 3, Strayhorn asserts that defense counsel failed to move for dismissal of the 924(e) enhancement due to unconstitutionality of the guideline application. This claim is not viable. The 924(e) enhancement is separate from the Sentencing Guidelines and is furthermore required in the event a defendant qualifies under it. Thus, even had a motion to dismiss the 924(e) enhancement been filed by defense counsel, it would have been denied. Therefore, Strayhorn was not prejudiced by defense counsel's alleged failure, and Ground 3 of Strayhorn's motion will be denied.

In Ground 4, Strayhorn claims defense counsel failed to investigate Strayhorn's prior drug charges to determine if they qualified as a common scheme or plan. This claim also has no merit. The United States Court of Appeals for the Eighth Circuit has "repeatedly held that convictions for separate drug transactions on separate days are multiple ACCA predicate offenses, even if the

released from incarceration for his burglary conviction on July 20, 1994, and he admitted the veracity of the facts stated in the plea agreement which date relevant conduct in the instant offense as far back as 2004, his burglary offense fell well within the 15 year time period. As a result, he was subject to being found to be a career offender.

Moreover, there is no time limit under the ACCA for the inclusion of felonies. See 18 U.S.C.A. § 924(e); see also United States v. Rodriguez, 612 F.3d 1049, 1056 (8th Cir. 2010) ("[W]e have recognized that the statute does not contain a time limit for predicate offenses and have concluded Congress would have included a time limit had it wanted to do so.") (citation omitted). Based on this precedent, Strayhorn was properly found to be an armed career criminal. As a result, his attorney was not ineffective for failing to challenge this status based on a 15 year limitation, and Ground 2 will be denied.

In Ground 3, Strayhorn asserts that defense counsel failed to move for dismissal of the 924(e) enhancement due to unconstitutionality of the guideline application. This claim is not viable. The 924(e) enhancement is separate from the Sentencing Guidelines and is furthermore required in the event a defendant qualifies under it. Thus, even had a motion to dismiss the 924(e) enhancement been filed by defense counsel, it would have been denied. Therefore, Strayhorn was not prejudiced by defense counsel's alleged failure, and Ground 3 of Strayhorn's motion will be denied.

In Ground 4, Strayhorn claims defense counsel failed to investigate Strayhorn's prior drug charges to determine if they qualified as a common scheme or plan. This claim also has no merit. The United States Court of Appeals for the Eighth Circuit has "repeatedly held that convictions for separate drug transactions on separate days are multiple ACCA predicate offenses, even if the

transactions were sales to the same victim or informant." United States v. Van, 543 F.3d 963, 966 (8th Cir. 2008). Strayhorn's prior serious drug convictions stemmed from "occasions different from one another," namely his distribution of cocaine on August 29, 1997 and his possession of cocaine base and marijuana with intent to distribute on October 14, 1997. 18 U.S.C.A. 924(e)(1). Thus, these convictions, having stemmed from events on separate days, clearly amount to two previous convictions under 924(e). As a result, Strayhorn was not prejudiced because the separate drug transactions properly supported an ACCA enhancement.

Similarly, the sentencing enhancement Strayhorn received for qualifying for career offender status could not have been affected by any failure on defense counsel's part to investigate Strayhorn's prior convictions. Only one drug conviction, paired with Strayhorn's burglary conviction, was necessary to support the 4B1.1 enhancement, so Strayhorn would have been subject to the enhancement with or without an investigation on the part of defense counsel. As a result, Strayhorn was not prejudiced by any failure to investigate on the part of defense counsel with respect to Strayhorn's drug convictions counting for more than one predicate offense under either 4B1.1 or 924(e). Ground 4 therefore will be denied.

Ground 5 of Strayhorn's motion asserts defense counsel failed to provide a reasonable standard of representation for two reasons. First, Strayhorn asserts he did not have the predicate offenses required to justify sentencing enhancements under 4B1.1 or 924(e). Second, Strayhorn asserts that his prior burglary conviction fell outside the 15 year time period under the career offender statute. As to Strayhorn's first assertion, the predicate offenses required for either enhancement came in the form of his prior burglary offense, which is considered a crime of violence in this jurisdiction, and therefore qualifies under both 4B1.1 and 924(e). Also, as

discussed above, his offenses on August 29, 1997 and October 14, 1997 constitute separate serious drug offenses, bringing the number of his qualifying predicate offenses to three. Because 4B1.1 only requires two such convictions, and 924(e) only requires three, Strayhorn rightfully qualified for both enhancements. Any allegation of defense counsel's failure to provide reasonable representation on the grounds that defendant received a sentence that was required by law fails to support a ground for relief. Strayhorn's second assertion, that his burglary offense fell outside the 15 year time limit, has already be addressed and, based on the previous analysis, has no merit.

Ground 6 of Strayhorn's motion, that defense counsel failed to object to a miscalculation in the presentence report that found Strayhorn's prior burglary sentence exceeded one year and a day, also must fail. 924(e)(2)(B) provides that a qualifying "violent felony" is "any crime punishable by imprisonment for a term exceeding one year . . . that . . . (ii) is burglary, arson, or extortion[.]" Strayhorn was sentenced to two years imprisonment for committing burglary, which clearly falls within the purview of the statute. To address Strayhorn's argument under this ground that his burglary should not have counted as a violent felony, the Eighth Circuit Court of Appeals previously established that a second degree burglary in Missouri qualifies as a predicate violent felony under 924(e). United States v. Bell, 445 F.3d 1086, 1090–91 (8th Cir. 2006). As a result, both the statute and the common law of this jurisdiction mandate Strayhorn's burglary conviction count as a predicate offense, and defense counsel's failure to object to the calculation providing as much in the presentence report was not prejudicial. Moreover, counsel made a constitutionally-based objection to the use of the burglary as a predicate offense for the enhancement of Strayhorn's sentence. Ground 6 will therefore be denied.

Strayhorn's seventh ground for relief alleges defense counsel failed to ensure Strayhorn's prior convictions were proven with approved documents. With respect to the burglary, according to the United States Supreme Court, "a later court determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005). At the sentencing hearing in the underlying criminal case, I admitted Exhibit 1 which was the Information charging Strayhorn with burglary, the Docket Sheet, and the Sentence and Judgment. Furthermore, as noted above, Missouri burglary convictions for entering a commercial building, as was the case in Strayhorn's burglary, are considered crimes of violence and therefore predicate offenses under 924(e). Strayhorn's prior burglary conviction was therefore adequately supported by the documents submitted at his sentencing.

Strayhorn's next argument on this topic, that defense counsel failed to object to the presentence report's reliance on unapproved documents under Shepard, cannot succeed. The presentence report did not rely on police reports, as Strayhorn alleged, but instead relied on "court records," the docket numbers for which were provided within the presentence report. Also worth noting, Shepard, along with the other cases cited by Strayhorn for this claim, all revolve around the issue of whether something constitutes a violent offense. See Shepard v. United States, 544 U.S. at 16 ("The question here is whether a sentencing court can look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary.") Because the two allegedly unsupported drug convictions are not contemplated in Shepard nor any of the other cases cited by Strayhorn, and

were adequately supported in the presentence report, defense counsel's assistance did not prejudice Strayhorn's defense. Ground 7 will therefore be denied.

Ground 8 of Strayhorn's motion, that defense counsel failed to object to the consideration of the burglary offense as an Apprendi error, will also be denied. The Supreme Court excluded prior convictions from the requirements provided in Apprendi as follows: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Defense counsel was not ineffective, and his assistance did not prejudice Strayhorn's defense.

  B.  *Supplemental Claims Concerning Prospective Changes in the Law*

Strayhorn's first supplemental claim, hereinafter called Ground 9, concerns the recent Supreme Court decision Alleyne v. United States, 133 S.Ct. 2151 (2013). Alleyne established that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." Id. at 2155. Citing Alleyne, Strayhorn alleges that without his prior crimes on their face qualifying him for the ACCA, they cannot be used to enhance his sentence, and his sentence is therefore in excess of the maximum sentence and illegal. Alleyne is not applicable to Strayhorn's case as it does not address the issue of whether prior convictions can be used to enhance a defendant's sentence. See id. at FN 1 ("In Almendarez–Torres v. United States, 523 U.S. 224 (1998), we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today."). Because Alleyne does not address prior convictions, it does not affect Strayhorn's case. Therefore, Ground 9 will be denied.

Finally, Strayhorn's second supplemental claim, hereinafter called Ground 10, concerns the recent Supreme Court decision Descamps v. United States, 133 S.Ct. 2276 (2013). In Descamps, the Court held that the California burglary statute that does not require unlawful breaking and entering as an element does not qualify as a predicate offense for the ACCA. Id. at 2285-2286. Because of this holding, Strayhorn alleges that his burglary should also not qualify as a predicate offense under the ACCA. Descamps does not affect Strayhorn's case because Strayhorn was convicted of second degree burglary not in California but in Missouri, in which that crime has been repeatedly held to constitute a violent felony for purposes of the ACCA. See United States v. Strayhorn, 409 Fed.Appx. 979 (8th Cir. 2011) (unpublished opinion). As a result, Ground 10 will be denied.

### C. An Evidentiary Hearing is Not Warranted

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Id. (internal quotation marks omitted). Because the records conclusively show that Strayhorn is not entitled to relief as a matter of law, I will not hold an evidentiary hearing in this matter.

### D. Certificate of Appealability

As Strayhorn has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-8 (8th Cir. 1994)) (substantial showing

must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Jose Strayhorn to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Strayhorn has not made a substantial showing of the denial of a federal constitutional right.

**IT IS FURTHER ORDERED** that this Court will not hold an evidentiary hearing on this matter because the records conclusively show that Strayhorn is not entitled to relief.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2014.